**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA GUTH,<br><br>Plaintiff<br><br>vs.<br><br>CEDAR REALTY TRUST, INC.; CEDAR REALTY TRUST; WHEELER REAL ESTATE, LLC; WHEELER REAL ESTATE INVESTMENT TRUST, INC.; and ABC CORPORATION, a fictitious entity,<br><br>Defendants. | Civil Action No. 26-CV-<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiff, **LISA GUTH**, by way of this Complaint, alleges the following:

## I. PARTIES

1. Plaintiff, **LISA GUTH**, is an adult citizen of the United States, is a citizen of the Commonwealth of Pennsylvania and resides at 3311 S. Front Street, Whitehall Township, Lehigh County, Pennsylvania.

2. At all times relevant hereto, Defendant, **CEDAR REALTY TRUST, INC.**, has been a Maryland for profit business organization with a principal place of business at 2529 Virginia Beach Boulevard, Virginia Beach, Commonwealth of Virginia, and has been the owner, operator, manager, occupier and/or controller of the real property and improvements thereon known as the “Trexler Mall” and located at 6900 Hamilton Boulevard, Trexlertown, Upper Macungie Township, Lehigh County, Pennsylvania.

3. At all times relevant hereto, Defendant, **CEDAR REALTY TRUST**, has been a real estate investment trust (“REIT”) with a principal place of business at 2529 Virginia Beach Boulevard, Virginia Beach, Commonwealth of Virginia, and has been the owner, operator, manager, occupier and/or controller of the real property and improvements thereon known as the “Trexler Mall” and located at 6900 Hamilton Boulevard, Trexlertown, Upper Macungie Township, Lehigh County, Pennsylvania.

4. At all times relevant hereto, Defendant, **WHEELER REAL ESTATE, LLC**, has been a Maryland for profit business organization with a principal place of business at 2529 Virginia Beach Boulevard, Virginia Beach, Commonwealth of Virginia, and has been the owner, operator, manager, occupier and/or controller of the real property and improvements thereon known as the "Trexler Mall" and located at 6900 Hamilton Boulevard, Trexlertown, Upper Macungie Township, Lehigh County, Pennsylvania.

5. At all times relevant hereto, Defendant, **WHEELER REAL ESTATE INVESTMENT TRUST, INC.**, has been a real estate investment trust ("REIT") with a principal place of business at 2529 Virginia Beach Boulevard, Virginia Beach, Commonwealth of Virginia, and has been the owner, operator, manager, occupier and/or controller of the real property and improvements thereon known as the "Trexler Mall" and located at 6900 Hamilton Boulevard, Trexlertown, Upper Macungie Township, Lehigh County, Pennsylvania.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court is conferred by 28 U.S.C. §1332(a) by virtue of the Parties' diversity of citizenship and the amount in controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## III. FACTUAL ALLEGATIONS

8. At all times relevant herein, all Defendants have been the owners, joint owners, operators, managers, occupiers and/or exclusive controllers, of the real property and improvements thereon located at 6900 Hamilton Boulevard, Trexlertown, Upper Macungie Township, Lehigh County, Pennsylvania, and known or traded as the "Trexler Mall" ("subject property") and it was the duty of said Defendants to keep and to maintain the subject property in a reasonably-safe condition for lawful invitees and the public traversing the subject property.

9. On or about November 20, 2024, at approximately 8:00 p.m., Plaintiff, **LISA GUTH**, was lawfully traversing the subject property. As she was walking in the parking lot at the subject property, she fell into/on/over a hole, depression, defect and/or dangerous condition on/of the subject property, causing

her to fall forward causing her right hand to strike the ground which caused her to suffer serious bodily injuries as more specifically set forth below.

10. The condition of the subject property was that Plaintiff, **LISA GUTH**, would not know of the defective and dangerous conditions in and about the subject property of which Defendants were aware or reasonably should have been aware.

11. From prior to November 20, 2024, and continuing thereafter, Defendants allowed the subject property to exist in a dangerous and a defective condition, *to wit*, by allowing the retail store parking lot, which is used for vehicular traffic and pedestrian traffic, to remain in a cracked, raised, uneven, dilapidated and otherwise unsafe condition as the parking lot was dangerously and defectively designed, constructed, installed, maintained, repaired and/or replaced, and which was not posted with a warning sign and these Defendants allowed said dangerous and defective condition to exist when aforesaid Defendants knew, or should have known, of said dangerous and defective condition, thereby rendering the subject premises dangerous to anyone using it, including Plaintiff, **LISA GUTH**.

12. Said dangerous and defective condition of the subject property was the result of the negligence of Defendants by, *inter alia*, all of the following:

a) Failing to design, to construct, to install, to maintain, to repair and/or to replace properly the parking lot and the property contiguous thereto, thus presenting a risk of serious injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee;

b) Failing to take the necessary measures to correct the dangerous and defective condition of the parking lot by failing to repair and/or replace the parking lot and the property contiguous thereto, thus presenting a risk of serious injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee;

c) Failing to inspect properly the subject parking lot to detect the existence of the dangerous and defective condition of the parking lot and the property contiguous thereto which is improperly designed, constructed, installed, maintained, repaired and/or replaced, thus presenting a risk of serious injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee;

d) Failing to warn invitees and the public of the existence of the dangerous and defective condition of the parking lot and the property contiguous thereto, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee;

e) Allowing a dangerous and defective condition of the parking lot and the property contiguous thereto to exist and permitting said dangerous and defective condition to remain at the subject property, when Defendants knew, or should have known, that the condition of the subject property was creating a dangerous and defective condition, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee;

f) Allowing a dangerous and defective condition of the parking lot and the property contiguous thereto to exist and permitting said dangerous and defective condition to remain at the subject property when Defendant knew, or should have known that the parking lot was not properly maintained, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee;

g) Failing to design properly the parking lot and the property contiguous thereto, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee; and

h) Allowing invitees and the public to occupy the subject property with the dangerous and defective condition of the parking lot and the property contiguous thereto, when Defendants knew, or should have known that the subject property was dangerous and defective, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **LISA GUTH**, as a lawful invitee.

13. At all times herein mentioned, Plaintiff, **LISA GUTH**, avers Defendants were under a legal duty to maintain all of the subject property, including the parking lot and the property contiguous thereto, in a safe condition and that Defendants failed to provide for the safe occupancy of the subject property by allowing the subject property, parking lot and the entire premises, to exist in a dangerous and defective condition when Defendants knew, or should have known, of said dangerous and defective condition.

14. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, suffered severe bodily injuries including, but not limited to: a fracture of her right wrist, injuries to her legs and knees, a right should injury, multiple contusions and abrasions, post-traumatic stress disorder, depression, fear, anxiety and/or other mental and psychic injuries, as a result of which she was rendered sick, sore and disabled, all of which have been to her great financial loss.

15. Plaintiff, **LISA GUTH**, suffered her injuries as a direct result of Defendants' acts and/or omissions as stated herein.

16. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has suffered in the form of loss of sensory function, loss of motor functions, limitations on range of motion, instability on her feet and unsteady gait up to the date of the filing of this Complaint, all of which has been to her great financial loss.

17. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will continue to suffer in the future, in the form of loss of sensory function, loss of motor functions, limitations on range of motion, instability on his feet and unsteady gait, all of which will be to her great financial loss.

18. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has suffered in the form of cosmetic damages from scarring and/or misalignment of bones up to the date of the filing of this Complaint, all of which has been to her great financial loss.

19. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will continue to suffer in the future in the form of cosmetic damages from scarring and/or misalignment of bones, all of which will be to her great financial loss.

20. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has suffered great physical pain, discomfort and mental anguish up to the date of the filing of this Complaint, all of which has been to her great financial loss.

21. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will continue to suffer great physical pain, discomfort and mental anguish in the

future, all of which will be to her great financial loss.

22. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has been compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore her health up to the date of the filing of this Complaint, all of which has been to her great financial loss.

23. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will be compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore her health, all of which will be to her great financial loss.

24. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has suffered a loss of earning power and capacity up to the date of the filing of this Complaint, all of which has been to her great financial loss.

25. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will suffer a loss of earning power and capacity, all of which will be to her great financial loss.

26. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has not been able to pursue and to enjoy the usual activities of life of an individual of Plaintiff's age, and has suffered a loss of enjoyment of her life, loss of life expectancy, loss of happiness, and loss of the pleasures up to the date of the filing of the Complaint, all of which have been to her great financial loss.

27. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will not be able to pursue and to enjoy the usual activities of life of an individual of the Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life throughout the remainder of his life, all of which will be to her great financial loss.

28. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has been unable to pursue her customary social, recreational, vocational and domestic activities in the same manner for extended periods of time from the date of the incident upon which this cause of action is based, to the date of the filing of this Complaint, all of which have been to her great financial loss.

29. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will be unable to pursue her customary social, recreational, vocational and domestic activities in the same manner for extended periods of time into the future, all of which will be to her great financial loss.

30. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will suffer a loss of earning power and capacity in the future, all of which have been to her great financial loss.

31. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, has been unable to pursue and to enjoy the usual activities of the life of an individual of Plaintiff's age and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasure of life up to the date of the filing of the Complaint, all of which have been to her great financial loss.

32. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, will, in the future, be unable to pursue and enjoy the usual activities of life of an individual of Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of her life, all of which will be to her great financial loss.

33. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **LISA GUTH**, was caused to suffer all of her injuries and damages more fully set forth at length herein.

## IV. CLAIMS FOR RELIEF

## COUNT I

## (v. CEDAR REALTY TRUST, INC.)

34. Plaintiff incorporates by reference the allegations contained in paragraphs one through thirty-three, inclusive, as though same were set forth herein at length.

35. The aforesaid injuries and damages suffered by Plaintiff, **LISA GUTH**, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **CEDAR REALTY TRUST, INC**.

36. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, **LISA GUTH**, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **LISA GUTH**, respectfully requests that:

(a) This Court award compensatory damages in her favor and against Defendant, **CEDAR REALTY TRUST, INC**., in an amount be proved at trial;

(b) This Court award punitive damages in her favor for Defendant, **CEDAR REALTY TRUST, INC**.'s, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award reasonable attorney's fees and costs of suit in her favor; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT II
## (v. CEDAR REALTY TRUST)

37. Plaintiff incorporates by reference the allegations contained in paragraphs one through thirty-six, inclusive, as though same were set forth herein at length.

38. The aforesaid injuries and damages suffered by Plaintiff, **LISA GUTH**, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **CEDAR REALTY TRUST**.

39. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, **LISA GUTH**, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **LISA GUTH**, respectfully requests that:

(a) This Court award compensatory damages in her favor and against Defendant, **CEDAR REALTY TRUST**, in an amount be proved at trial;

(b) This Court award punitive damages in her favor for Defendant, **CEDAR REALTY TRUST's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award reasonable attorney's fees and costs of suit in her favor; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**COUNT III**

**(v. WHEELER REAL ESTATE, LLC)**

40. Plaintiff incorporates by reference the allegations contained in paragraphs one through thirty-nine, inclusive, as though same were set forth herein at length.

41. The aforesaid injuries and damages suffered by Plaintiff, **LISA GUTH**, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **WHEELER REAL ESTATE, LLC**.

42. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, **LISA**

**GUTH**, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **LISA GUTH**, respectfully requests that:

(a) This Court award compensatory damages in her favor and against Defendant, **WHEELER REAL ESTATE, LLC**, in an amount be proved at trial;

(b) This Court award punitive damages in her favor for Defendant, **WHEELER REAL ESTATE, LLC's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award reasonable attorney's fees and costs of suit in her favor; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**COUNT IV**

**(v. WHEELER REAL ESTATE INVESTMENT TRUST, LLC)**

43. Plaintiff incorporates by reference the allegations contained in paragraphs one through forty-two, inclusive, as though same were set forth herein at length.

44. The aforesaid injuries and damages suffered by Plaintiff, **LISA GUTH**, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **WHEELER REAL ESTATE INVESTMENT TRUST, LLC**.

45. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, **LISA GUTH**, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **LISA GUTH**, respectfully requests that:

(a) This Court award compensatory damages in her favor and against Defendant, **WHEELER REAL ESTATE INVESTMENT TRUST, LLC**, in an amount be proved at trial;

(b) This Court award punitive damages in her favor for Defendant, **WHEELER REAL ESTATE INVESTMENT TRUST, LLC's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award reasonable attorney's fees and costs of suit in her favor; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**COUNT V**
**(v. ABC CORPORATION)**

46. Plaintiff incorporates by reference the allegations contained in paragraphs one through forty-five, inclusive, as though same were set forth herein at length.

47. Plaintiff hereby pleads a Count against Defendant, **ABC CORPORATION**, a fictitious entity, to temporarily suffice for the presently unknown identities of other defendant parties who/which, are deemed to include corporations, partnerships, any other business organizations and/or any and all other individuals who/which may have played any role whatsoever in contributing to the injuries and damages more specifically described herein.

48. At such time as the identities of such fictitiously pleaded defendants are ascertained, Plaintiff shall seek leave to amend this Complaint so as to substitute the actual names of said parties for the fictitious names set forth herein.

49. Plaintiff attributes each and every intentional act and/or act of negligence and damages alleged against the named defendants hereto to those who are fictitiously pleased as if they were more specifically set forth in their entirety.

WHEREFORE, Plaintiff, **LISA GUTH**, respectfully requests that:

(a) This Court award compensatory damages in her favor and against Defendant, **ABC CORPORATION**, in an amount be proved at trial;

(b) This Court award punitive damages in her favor for Defendant, **ABC CORPORATION's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to *Fed. R. Civ. P. 38(b)*, Plaintiff, **LISA GUTH**, hereby demands a trial by jury.

**WILHELM & ROEMERSMA, P.C.**
Scott M. Wilhelm
**SCOTT M. WILHELM, ESQ.**
305 Roseberry Street
Phillipsburg, New Jersey 08865
Telephone: (908) 454-3200
Facsimile: (908) 454-3322
wilhelms@wwgrlaw.com
*Attorney for Plaintiff*

Dated: October 30, 2026